Kalpana Nagampalli (KN-2807)
Stephen E. Feldman (SF-5630)
Nupur Shah (NS-1609)
FEDMAN LAW GROUP, P.C.
220 E.42nd Street, Suite 3304
New York, New York 10017
Phone: 212-532-8585
E-mail: kalpana@feldman-law.com
         sfeldman@feldman-law.com
         nupur@feldman-law.com
*Counsel for Plaintiff Jennifer Rondinelli Reilly*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER RONDINELLI REILLY,<br><br>*Plaintiff,*<br><br>v.<br><br>PLOT COMMERCE,<br><br>*Defendant.* | Civil Action No.:<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff JENNIFER RONDINELLI REILLY, by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, demands a trial by jury of all claims and issues so triable, and for her Complaint against Defendant PLOT COMMERCE hereby asserts and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jennifer Rondinelli Reilly ("Reilly") is an individual residing in Wisconsin.

2. Upon information and belief, Defendant Plot Commerce, d/b/a Charged.fm ("Charged.fm") is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 10 Jay Street, Suite 206, Brooklyn, New York, 11201. Charged.fm may be served at its principal place of business at 10 Jay Street, Suite 206, Brooklyn, New York, 11201.

3. Upon information and belief, Charged.fm owns the domain name and operates the website at http://www.charged.fm (the "Charged.fm Website").

4. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

5. This Court has personal jurisdiction over Charged.fm by virtue of its presence in this District and its transacting, doing, and soliciting business in this District.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1-2), (c)(2), and (d), as well as 28 U.S.C. § 1400(a).

## OPERATIVE FACTS

7. Reilly is a full-time professional photographer who specializes in editorial and event photography, including photography of bands and concert photography.

8. On October 2, 2010, Reilly, with authorization from its organizers, photographed musicians performing in concert at Farm Aid 2010 in Milwaukee, Wisconsin. Among the photographs taken at that event was a photograph of musician Tim Reynolds, as shown below:



(the "Photograph").

9. On October 16, 2010, Reilly first published the Photograph as part of a selection of her photographs from the event she uploaded to her then business website at http://jnrphotography.smugmug.com (the entire site was taken down in 2012).

10. In 2012, Reilly posted the Photograph to her current fine art website at http://fineartamerica.com/featured/tim-reynolds-on-guitar-the-vault-jennifer-rondinelli-reilly.html (the "Fine Art Website"); and, in 2013, to her current business website at http://www.jrrphoto.com/ ("JRR Photo") which connects to its archive site at http://jenrondinellireilly.photoshelter.com/gallery/Farm-Aid-2010/G00000JlF_KEewTU/C0000AHXQNUwddyQ ("Photoshelter Website") (collectively, "Reilly's Websites").

11. The Photograph, as uploaded to JRR Photo and the Photoshelter Website and displayed to the public, included a watermark on the bottom-right corner reading "© Jennifer Rondinelli Reilly JRRPhoto.com" (the "Watermark") and an adjacent copyright notice reading "© 2010 Jennifer Rondinelli Reilly. All rights reserved. No use without permission." (the

"Photoshelter Notice") as seen below:



12.     The Photograph as displayed to the public on the Fine Art Website included a notice immediately adjacent that read in part "Photo by Jennifer Rondinelli Reilly. All rights reserved. No use without permission." (the "Fine Art Notice") as seen below at the red arrow:



4

13. On or around December 2014, upon information and belief, Charged.fm accessed the Photograph from one of the Reilly Websites, copied it, cropped it so as to remove the watermark or notice, and then displayed it on the Charged.fm Website in multiple locations, including but not limited to:

- http://media.charged.fm/photos/file_54987c5bd7134.jpg;
- http://www.charged.fm/tim-reynolds-tickets;
- http://www.charged.fm/search?q=tim+reynolds;
- http://www.charged.fm/dave-matthews-tim-reynolds/01-16-2015/paramount-theatre-oakland/alternative/2704128; and
- http://www.charged.fm/dave-matthews-tim-reynolds/01-17-2015/paramount-theatre-oakland/alternative/2704128;

as seen in part below:











(collectively the "Website Uses").

7

14. Reilly was unaware of Charged.fm's actions regarding the copying, alteration, and display of the Photograph until January 2015 when she discovered them via a Google Image search.

15. The Website Uses did not include any attribution to Reilly, or any notice that she was the author or copyright owner of the Photograph.

16. The Photograph in perspective, orientation, positioning, lighting and other details are entirely original, distinctive, and unique. As such, the Photograph is subject matter protectable under the Copyright Act.

17. Reilly never authorized Charged.fm to reproduce, display, alter, or distribute the Photograph.

18. Reilly is and always has been the proprietor of the right, title, and interest in and to the copyright in the Photograph. Reilly is the author and copyright owner of the Photograph pursuant to 17 U.S.C. § 201.

19. Reilly complied with all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as amended, and all other laws and regulations governing copyrights and has secured the exclusive rights and privileges in and to the copyrights for the Photograph.

20. The Register of Copyrights for the U.S. Copyright Office issued to Reilly a Certificate of Registration for the copyrights to the Photograph, number VA 1-878-670, effective October 8, 2013, as shown as Exhibit A.

21. On information and belief, Charged.fm partners with an exclusive network of professional ticket sellers to offer major sports and concert tickets directly to fans via the Charged.fm Website. In short, Charged.fm is a ticket marketplace that advertises tickets via the Charged.fm Website and associated marketing tools.

22. On information and belief, Charged.fm's ticketing platform grossed nearly seventeen million dollars in revenue in 2014.

23. Charged.fm does not and did not at the time of all the events in this action comply with the requirements for protection from liability under 17 U.S.C. §512, including but not limited to its failure to designate an agent to receive infringement notifications with the U.S. Copyright Office, as required under 17 U.S.C. §512(c)(2).

24. On January 20, 2015, Reilly, through counsel, sent a letter by mail and email to Charged.fm providing notice that the Photograph appeared on the Charged.fm Website without authorization of Reilly or the law and presenting an offer to settle to Charged.fm.

25. Despite multiple communications between the parties regarding the facts of this matter and the relevant law, Charged.fm disclaimed liability and never engaged in settlement discussions.

## FIRST CAUSE OF ACTION

(Copyright Infringement - 17 U.S.C. § 101 *et seq.*)

26. Reilly re-alleges and incorporates by reference paragraphs 1 through 25 above.

27. Charged.fm did not have authorization of Reilly or the law to reproduce, distribute, display, or create derivative works of the Photograph.

28. Without authorization of Reilly or the law, Charged.fm reproduced and displayed cropped versions of the Photograph in the Website Uses (collectively the "Infringements").

29. Charged.fm has not compensated Reilly for the Infringements.

30. Charged.fm's conduct violates the exclusive rights belonging to Reilly as owner of the copyrights for the Photograph, including without limitation, Reilly's exclusive rights under 17 U.S.C. § 106.

31. As the Infringements began on or about December 2014, Reilly's claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

32. As a direct and proximate result of its wrongful conduct, Charged.fm has realized and continues to realize profits and other benefits rightfully belonging to Reilly for the Photograph. Accordingly, Reilly seeks an award of actual damages and profits plus attorneys' fees and costs pursuant to 17 U.S.C. §§ 504(b) and 505.

33. In the alternative, Reilly is entitled to and seeks statutory damages for the Infringements, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

34. The Infringements by Charged.fm were willful and performed with knowledge that the reproduction, display, and distribution of the Photograph was unauthorized; Reilly is therefore entitled to the recovery of enhanced statutory damages pursuant to U.S.C. § 504(c)(2).

## SECOND CAUSE OF ACTION

(Violations of the Digital Millennium Copyright Act – 17 U.S.C. §§ 1201 *et seq.*)

35. Reilly re-alleges and incorporates by reference paragraphs 1 through 25 above.

36. The Watermark, The Photoshelter Notice, and the Fine Art Notice (collectively, "Reilly's CMI") each constitutes copyright management information pursuant to 17 U.S.C. § 1202(c)(2), (3) and (7).

37. Upon information and belief, Charged.fm without the authority of Reilly or the law intentionally removed Reilly's CMI and displayed and distributed the Photograph on at least five distinct URLs on the Charged.fm Website, knowing that Reilly's CMI had been removed, and knowing or having reasonable grounds to know that such removal or alteration would

induce, enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

38. As a direct and proximate result of Charged.fm's wrongful conduct, Reilly has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

39. Specifically, Reilly is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2) for each act of removal and display.

40. In the alternative, Reilly is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4-5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jennifer Rondinelli Reilly prays that this Honorable Court:

1. Order that Charged.fm's unauthorized conduct violates Reilly's rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

2. Order Charged.fm to account to Reilly for all gains, profits, and advantages derived from the unauthorized use of the Photograph;

3. Award Reilly all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for the infringements of Reilly's copyright in the Photograph; alternatively, maximum statutory damages in the amount of $30,000 for each infringement pursuant to 17 U.S.C. § 504(c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4. Alternatively, award Reilly maximum statutory damages in the amount of $150,000 for each willful violation of 17 U.S.C. § 106 pursuant to 17 U.S.C. § 504(c)(2), or such other amount as may be proper pursuant to 17 U.S.C. § 504;

5. Award Reilly actual damages suffered and profits for each violation of 17 U.S.C. § 1202 (b), pursuant to 17 U.S.C. § 1203(c)(2) (with interest thereon at the highest legal rate); or such other amount as may be proper pursuant to 17 U.S.C. 1203;

6. In the alternative, if Reilly so elects, award Reilly maximum statutory damages in the amount of $25,000 for each unauthorized violation of 17 U.S.C. § 1202 pursuant to 17 U.S.C. § 1203(c)(3)(B), or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

7. Award Reilly her costs of litigation, reasonable attorneys' fees and disbursements in this action, pursuant to 17 U.S.C. §§ 505 and 1203;

8. Order Charged.fm to deliver to Reilly all copies of the Photograph and all other materials containing such infringing copies of the Photograph in Charged.fm's possession, custody or control;

9. Order Charged.fm, its agents, and servants to be enjoined during the pendency of this action and permanently from infringing the copyrights of Reilly in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photograph; and

10. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Reilly demands a trial by jury on all issues so triable.

Respectfully submitted, this 30th day of June, 2015.

_____
Kalpana Nagampalli (KN-2807)
Stephen E. Feldman (SF-5630)
Nupur Shah (NS-1609)
FEDMAN LAW GROUP, P.C.
220 E.42nd Street, Suite 3304
New York, New York 10017
Phone: 212-532-8585
E-mail: kalpana@feldman-law.com
         sfeldman@feldman-law.com
         nupur@feldman-law.com

*Attorneys for Plaintiff
    Jennifer Rondinelli Reilly*

# Exhibit A

# Exhibit A

Case 1:15-cv-05118-PAE   Document 1   Filed 06/30/15   Page 17 of 19

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-878-670**

Effective date of registration:

October 8, 2013

## Title

**Title of Work:** Group Registration of Photos 249 photos Range of Publication Dates February 3 2010 to December 27 2010

**Contents Titles:**
Boston 9 images published June 11 2010
Calatrava 1 image published August 11 2010
Dave Matthews Band 12 images published July 17 2010
Farm Aid 47 images published October 16 2010
Jeff Beck 19 images published July 9 2010
Joan Soriano 9 images published October 10 2010
Kings Go Forth 38 images published July 11 2010
Landscapes 1 image published August 21 2010
Mahala Rai Banda 16 images published October 9 2010
Santana 16 images published July 15 2010
Sharon Jones 8 images published June 6 2010
Sleighriders 38 images published December 27 2010
Sue DaBaco 8 images published November 19 2010
Sue DaBaco 3 images published September 6 2010
Sue DaBaco 2 images published February 3 2010
Sue DaBaco 11 images published July 1 2010
Sue DaBaco 5 images published August 6 2010
Usher 6 images published July 14 2010

## Completion/Publication

**Year of Completion:** 2010
**Date of 1st Publication:** February 3, 2010    **Nation of 1st Publication:** United States

## Author

|  |  |
|---|---|
| Author: | Jennifer Rondinelli Reilly |
| Author Created: | photograph(s) |
| Work made for hire: | No |
| Citizen of: | United States |
| Year Born: | 1977 |

## Copyright claimant

|  |  |
|---|---|
| Copyright Claimant: | Jennifer Rondinelli Reilly |
|  | 1919 Swartz Drive, Waukesha, WI, 53188, United States |

## Rights and Permissions

|  |  |  |  |
|---|---|---|---|
| Name: | Jennifer Rondinelli Reilly |  |  |
| Email: | jen@jrrphoto.com | Telephone: | 414-915-7601 |
| Address: | 1919 Swartz Drive |  |  |
|  | Waukesha, WI 53188 United States |  |  |

## Certification

|  |  |
|---|---|
| Name: | Jennifer Rondinelli Reilly |
| Date: | October 8, 2013 |

|  |  |
|---|---|
| Copyright Office notes: | Regarding publication: Range of publication dates is 02/03/2010 to 12/27/2010. |

Page 2 of 2